**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0559, <u>The Rolling Green at Whip-Poor-Will Condominium Townhouse Owners' Association v. David Eldridge & a.</u>, the court on July 31, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, David Eldridge and Mary Ellen McNeill, appeal an order of the Circuit Court (<u>Moore</u>, J.), granting summary judgment in favor of the plaintiffs, The Rolling Green at Whip-Poor-Will Condominium Owners' Association and The Rolling Green at Whip-Poor-Will Condominium Townhouse Owners' Association (associations). The defendants contend that the trial court erred by: (1) defaulting McNeill for failure to file a timely appearance; (2) finding in favor of the associations after previously denying their motion for summary judgment; and (3) not admitting documents relating to a 2010 superior court action between the parties. We assume, without deciding, that these issues are preserved.

At the outset, we note that, although the trial court granted the associations summary judgment, it did so after an evidentiary hearing. Accordingly, we employ the standard that applies to the review of a trial court's decision rendered after a trial on the merits. <u>Jesurum v. WBTSCC Ltd. P'ship</u>, 169 N.H. 469, 476 (2016). Under this standard, we uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>Id</u>. We do not decide whether we would have ruled differently from the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence and review its application of the law to the facts <u>de</u> <u>novo</u>. <u>Id</u>.

We first address whether the trial court erred by defaulting McNeill. District Division Rule 3.6(A) provides that "if the defendant shall neglect to enter an appearance within seven days after the return day of the writ, he shall be defaulted, and judgment shall be rendered accordingly." Eldridge timely filed an appearance, representing himself. At the hearing before the trial court, McNeill stated that she did not timely file an appearance because she "had no idea about it, . . . [her] mind was not [on] it [and Eldridge] . . . was taking care of everything." To the extent that the defendants argue that "McNeill was confused by the trial court[']s questioning" and "Eldridge was not allowed to address the court to

clarify the misunderstanding," the transcript does not support these contentions. Although McNeill eventually filed an appearance approximately three months late and after the associations sought summary judgment, the record does not reflect that she moved for permission to file late or that she moved to strike the default.

To the extent that the defendants argue that "the trial court should have acknowledged the fact that [McNeill] was there at the hearing and prepared to participate," the record reflects that the court did exactly that. Although it had defaulted McNeill at the start of the hearing, at the end it invited her to contribute "anything . . . that I haven't heard."

The defendants argue that the trial court's docket indicates that they filed a joint appearance on the day that Eldridge filed his individual appearance. However, they have not provided a copy of such a joint appearance. On the contrary, the associations provided copies of Eldridge's and McNeill's separate individual appearances, and the defendants did not challenge their authenticity. Accordingly, we conclude that the trial court's finding that McNeill did not timely appear was supported by the evidence and not legally erroneous. See Jesurum, 169 N.H. at 476. Thus, Rule 3.6(A) required the trial court to default her.

We next address whether the trial court erred by ruling in favor of the associations, following the evidentiary hearing, after previously denying their motion for summary judgment. A trial court has the power to reverse, even sua sponte, an earlier denial of a motion for summary judgment. Cilley v. N.H. Ball Bearings, Inc., 128 N.H. 401, 405 (1986). In this case, the trial court reversed its previous denial only after an evidentiary hearing on the merits. Accordingly, we conclude that the trial court did not err.

Finally, we address the trial court's decision not to admit documents relating to a separate 2010 action between the parties. The defendants assert that they "were trying to introduce invoices that showed the accounting error by the associations which had charged them about 13 different times fees that were covered by the stipulation" reached in that 2010 action. However, at the hearing, the trial court identified the documents that Eldridge offered as "a deposition and . . . a notice of decision" on a motion for contempt. The trial court found that "nothing in the 2010 matter . . . [was] material and relevant to the issue at hand."

Although the defendants have the burden on appeal to provide a record sufficient to decide the issues they are raising, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004), they have failed to provide the stipulation reached in the 2010 superior court action or the documents they sought to admit in the trial court. Absent a complete record, we must assume that the record supports the trial court's finding. Osman v. Lin, 169 N.H. 329, 334 (2016). Thus, we review the trial court's decision for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997), and find none.

The defendants' remaining arguments either are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

The associations' request for attorney's fees is denied without prejudice to the filing of a motion for fees pursuant to Supreme Court Rule 23.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**